MARY HARRIS v. THE STATE.

*No. 3301.   Decided December 14.*

1.  **Infanticide—Evidence.**—To warrant the conviction of the defendant (the alleged mother) of infanticide it devolved upon the State to prove that the child was born alive; that it had an existence independent of its mother, and that afterwards its life was destroyed by the act, agency, or procurement of its mother.

2.  · **Same—Confessions.**—The Corpus Delicti consists not merely of an objective crime, but of the defendant's agency in the commission of the crime; and it is an established principle of law that unless the *corpus delicti* in both these respects is proved, a confession is not of itself enough to sustain a conviction.   To be sufficient, such confession must be corroborated, which may be done by circumstantial evidence.   See the opinion for the substance of the evidence on the trial *held* insufficient to corroborate the confession, and therefore not to establish the *corpus delicti;* and, *ergo*, insufficient to support the conviction.

APPEAL from the District Court of Walker.   Tried below before Hon. N. G. Kittrell.

The conviction was for infanticide, and the penalty assessed by the verdict was a life term in the penitentiary.

The statement of facts covers but few pages of the record, but a summary of the same will disclose no more than appears succinctly stated in the opinion.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State. .

WHITE, PRESIDING JUDGE.—Appellant has been convicted of the murder of her infant babe, and her punishment has been assessed at a life term in the penitentiary.

We are of opinion that the evidence establishing the *corpus delicti* is not sufficient to sustain the judgment in so far as the same is made to appear in the record here before us.   To warrant a conviction it was necessary for the State to prove that the child was born alive; that it had an existence independent of the mother, and that afterwards its life was destroyed by the act, agency, or procurement of its mother, this defendant.   Wallace v. The State, 7 Texas Ct. App., 570; S. C., 10 Texas Ct. App., 255; Sheppard v. The State, 17 Texas Ct. App., 74.

Defendant confessed that the child was born on Sunday night; that it was born alive; that she put it into Dr. Baldwin's spring, and that it was alive when she put it in the spring.   The child was found the following Wednesday.   Now, if the defendant's confessions were sufficient by themselves perhaps we might hold that the *corpus delicti* had been sufficiently proved.   These, however, in and of themselves, are not sufficient.   The *corpus delicti* consists not merely of an objective crime, but of the defend-

ant's agency of the crime; and it is well settled that unless the. *corpus delicti* in both these respects is proved, a confession is not by itself enough to sustain a conviction. It must be corroborated. This can seldom be done by direct or positive testimony, but it may as well be shown by circumstantial evidence. Willard v. The State, 27 Texas Ct. App., 386.

Now, what was the corroboration in this case? The doctor who testified as an expert says: "I can not say positively whether the child was ever alive, or whether it had ever breathed." He dissected the child's head, and found that the skull had not been fractured. He took out the lung and applied the hydrostatic test and found air in it, the usually accepted test that it had breathed. This was sufficient corroboration as to the fact that the child was born alive. Concede that the child had been born alive. Was it killed, or was it drowned? Evidently the doctor does not think it was killed by violence. As to the chances and probabilities that it had been drowned, he does not say one word. Why did not he make an examination and give his opinion as to the fact of drowning? What evidence of drowning is there outside the confession? Was the child found in Dr. Baldwin's spring? If so, who found it there, and under what circumstances? Was Dr. Baldwin's spring of sufficient depth to drown the child? Was the spring in a public or secluded place? All these facts might have been testified to, and yet the record contains no such evidence. The first it discloses of the body is that somebody had found it, and it was under a box near the spring. Who found it in and took it out of the spring?

Before we are asked to sanction so serious a verdict and judgment, even on the confession of a defendant, there ought to be furnished us some circumstances tending to corroborate that confession, since the law will not permit a conviction to stand alone upon the confession.

In this case, because the evidence is insufficient to establish the *corpus delicti*, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.