## L. W. GUMPERT v. THE STATE.

### No. 6125. Decided February 16, 1921.

**1.—Passing Forged Instrument—Indictment—Purport Clause—Endorsement.**

Where, upon trial of passing a forged instrument, the check set out in the indictment being an ordinary commercial instrument, no purport clause was necessary. Following Howell v. State, 37 Texas Crim. Rep., 494, and other cases; and where no charge was made that the instrument had been altered by making thereon a false indorsement, the allegation that it bore an indorsement was unnecessary but did not render the indictment bad, although it may have required proof of such indorsement. Following Carter v. State, 55 Texas Crim. Rep., 46, and other cases.

**2.—Same—Statutes Construed—Passing Forged Instrument—Indictment.**

The statute denouncing the passing of a forged instrument is not susceptible of the construction that a conviction would result if the instrument was knowingly passed without knowledge that it was a forgery, as guilty knowledge is an essential element in the offense.

**3.—Same—Words and Phrases—Indictment.**

The terms "such forged instrument" used in the passing statute, Art. 937, P. C., would include a forged check made by either the person passing it or by another, and a motion to quash on this ground was properly overruled.

**4.—Same—Indictment—Presentment of Indictment—Date of Offense.**

The indictment was presented on the 31st day of August, which was during the June term of court, and charged the offense to have been committed on the 31st day of July, and anterior to the presentment of the indictment. This was sufficient on motion to quash. Following Osborne v. State, 24 Texas Crim. App., 398, and other cases.

**5.—Same—Plea of Guilty—Statutes Construed.**

Article 566, C. C. P., requires in the case of felony, on a plea of guilty, where there is a discretion as to the term of punishment that evidence shall be· submitted to enable the jury to determine the amount of the punishment, and where the lowest punishment is assessed, the sufficiency of the evidence is not open to question. Following Doans v. State, 36 Texas Crim. Rep., 468, and other cases.

**6.—Same—Statement of Facts—Practice on Appeal—Presumption.**

In the absence of a statement of facts the presumption is indulged that there was evidence before the trial court to support the judgment.

Appeal from the District Court of Ellis. Tried below before the Honorable F. L. Hawkins.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

In this case the defendant pleaded guilty to the offense charged in the indictment, and in his motion for new trial and in arrest of judgment set up the insufficiency of the indictment, and also some exceptions to the sufficiency of the evidence, but in the absence of a statement of facts the latter is not considered in the opinion of the court. Judge F. L. HAWKINS presided at defendant's trial and therefore did not participate in the decision of this appeal.

*James E. Yeager,* for appellant.—On question of insufficiency of the indictment: Grant v. State, 127 S. W. Rep., 174; Moore v. State, 206 id., 684; Feeney v. State, 124 id., 944; Brown v. State, 158 id., 533.

*C. M. Cureton,* Attorney General, *Wallace Hawkins,* Assistant Attorney General, and *Tom L. Beauchamp,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for passing a forged instrument and punishment fixed at confinement in the penitentiary for a period of two years.

The instrument declared on was set out in the indictment thus:

"Italy, Texas,　　　　　　July 31, 1920.　　　　　　No.
"The First National Bank　　　88-665　　　Pay to Bearer
"Roy Miller　　　$15.85　　　fifteen and 85/100 Dollars
"　　　　　　　　　　　　　　　　S. L. Morgan"

"endorsed on the back thereof "Roy Miller"

It was charged that the appellant

"did wilfully, knowingly and fraudulently pass as true to one Jodie Brooks a false and forged instrument in writing which had thereto-

fore been made without lawful authority and with intent to defraud; and was then of the tenor following . . . and which said instrument in writing, the said L. W. Gumpert, then and there well know-- ing to be false and forged, he the said L. W. Gumpert did pass the same as true, with intent to injure and defraud."

In the motion to quash and in arrest of judgment the indictment was assailed upon various grounds, none of which, in our opinion, were sound. The check, being an ordinary commercial instrument, no pur-- port clause was necessary. Howard v. State, 37 Texas Crim. Rep., 494; Branch's Criminal Law, Sec. 379. The check was complete with-- out the endorsement. Branch's Ann. Tex. Penal Code, Sections 1397 and 1409; Hennessy v. State, 23 Texas Crim. App., 354; Bishop's New Crim. Procedure, Vol. 3, Sec. 410.

No attempt was made to charge that the instrument had been altered by making thereon a false endorsement. Strang v. State, 32 Texas Crim. Rep., 228; Carter v. State, 55 Texas Crim. Rep., 46.

The instrument which was the subject of the forgery, under the allegations, was a check. In alleging that it bore the endorsement "Roy Miller" the pleader put upon it an unnecessary descriptive averment, but did not thereby render the indictment bad. Passing a check which was known to be forged and which was passed with fraudulent intent, would constitute an offense whether the endorsement be forged or genuine. It is possible that, in describing the check as being endorsed in the manner stated, an unnecessary burden was assumed by the State to prove that the forged check passed bore the endorsement mentioned. This question, however, does not arise. The statute denouncing the passing of a forged instrument is not susceptible of the construction that a conviction would result if the instrument was knowingly passed without knowledge that it was a forgery. Guilty knowledge is an essential element in the offense. Such was the law at the time the statute was passed and such is the construction that has been uniformly given. Wharton's Criminal Evidence, Vol. 1, Sec. 35, page 138, note 3.

The terms "such forged instrument" used in the passing statute, Article 937, would include a forged check made by either the person passing it or by another. The indictment was not invalid.

For the first time on appeal the indictment is attacked upon the ground that it fails to charge the facts showing that the offense was committed "anterior to the presentment of the indictment." The indictment was presented on the 31st day of August, which was during the June term of court and charged the offense to have been committed on the 31st day of July, and "anterior to the presentment of the inditcment." We think the point is not meritorious. See Osborne v. State, 24 Texas Crim. App., 398; Murphy v. State, 36 Texas Crim. Rep., 24; Branch's Crim. Law, Sections 883, 888 and 905; Code of Criminal Procedure, Articles 576, 597 and 451.

Upon plea of guilty the statute, Article 566, Code of Criminal Procedure, requires in a case of felony where there is a discretion as to the term of punishment that evidence shall be submitted to enable the jury to determine the amount of the punishment. In such a case where the jury hearing the evidence assesses the lowest punishment, the sufficiency of the evidence is not open to question. Doans. v. State, 36 Texas Crim. Rep., 468. At least, such is the case where there is legal evidence before the jury to support the judgment. Woodall v. State, 58 Texas Crim. Rep., 515.

In the instant case, in the absence of a statement of facts, the presumption is indulged that there was evidence before the court to support the judgment.

Finding no error, the judgment is affirmed.

*Affirmed.*

HAWKINS, JUDGE not sitting.