## DON F. METTALL v. THE STATE.

No. 6134.    Decided April 27, 1921.

1.—Forgery—Fictitious Person—Circumstantial Evidence.

Evidence that a fictitious name was signed to the instrument is a circumstance against its genuineness, and the absence of knowledge of or acquaintance with the purported signer of the instrument when testified to by persons situated so that they would probably know him is properly received, and circumstantial evidence is available to prove forgery. Following Fry v. State, 86 Texas Crim. Rep., 79.

2.—Same—Evidence—Confessions—Forgery.

Where, upon trial of forgery, the defendant declared in his alleged confession that he, without authority wrote a check coinciding in all particulars with that declared upon, the same is sufficient, even if the statement fell short of a full confession of guilt. Following Bloch v. State, 81 Texas Crim. Rep., 8.

3.—Same—Endorsement—Variance—Check—Practice in Trial Court.

The endorsements found on the check at the time it was offered in evidence did not authorize its rejection upon the ground of variance, as they were no part of the document declared upon. Following Hennesey v. State, 23 Texas Crim. App., 354, and other cases.

4.—Same—Corpus Delicti—Confession—Identity of Defendant.

The defendant's confession was available to the State in aid of other proof to establish the *corpus delicti*, and the identity of the accused may be established by his confession. Following Sullivan v. State, 40 Texas Crim. Rep., 639, and other cases.

5.—Same—Sufficiency of the Evidence—Practice on Appeal.

Where, upon trial of forgery, in addition to the confession of defendant the evidence was sufficient to sustain the conviction, there was no reversible error.

6.—Same—Rehearing—Practice on Appeal—Assignment of Error.

Where the grounds of the motion for rehearing simply reiterate that this court erred in not having sustained the assignments originally presented, the motion for rehearing will be overruled.        ,

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. F. Clark,* and *Graves & Houtchens,* for appellant.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, Presiding Judge.—Appellant was convicted of forgery. The instrument declared on was a check on the First National Bank of Fort Worth for $22, naming Frank J. Begonia, or bearer, as payee, and purporting to bear the signature of J. W. Dodd. When introduced in evidence, there was written on the back of the check "Frank J. Begonia" and also, in pencil, "Douglas Maddox."

The State, by circumstances, sought to show that the signature was forged, and in pursuance of this effort introduced several witnesses who were residents of Fort Worth, where the check was purported to have been drawn and presented, who testified that they had extensive acquaintance in the city but knew of no such person as J. W. Dodd. Proof was also introduced that in the bank upon which the check was drawn there was no account in the name of Dodd.

In the absence of direct evidence, that of a circumstantial nature is available to prove forgery. Horn v. State, 68 Texas Crim. Rep., 89, 150 S. W. Rep., 949; Branch's Ann. Tex. Penal Code, Sec. 1415.

Evidence that a fictitous name was signed to the instrument is a circumstance against its genuineness, and the absence of knowledge of or acquaintance with the purported signer of the instrument, when testified to by persons situated so that they probably would know him, is properly received. Cyc. of Law & Procedure, Vol. 19, page 421; Greenleaf on Evidence, Sec. 109; Fry v. State, 86 Texas Crim. Rep., 79.

The complaint of the introduction of the evidence in question cannot be sustained. The confession of the appellant was introduced. It was in writing, recites warning in compliance with the statute, and contains the following:

"On June 1, 1920, I wrote a check payable to Frank Begonia for $22 and signed J. W. Dodd's name to it on the First National Bank of this city. I did this at Frank's suggestion. I never had any authority from Dodd to sign his name to the check or to any other written instrument. I do not even know Dodd. I have known Frank about a year, I used to go with his sister."

Objection that the confession failed to identify the check signed with that declared on was made and overruled, the appellant contending that the confession did not tend to connect him with the offense. Appellant's position, in our opinion, is not sound. We think the statement is a confession. Austin v. State, 15 Texas Crim, App., 388; Ferguson v. State, 31 Texas Crim. Rep., 93; Wharton's Crim. Evidence, Vol. 2, Sec. 622. It is a definite declaration by the appellant that he, without authority, wrote a check coinciding in all particulars with that declared upon. Even if the statement fell short of a full confession of guilt, its nature was such as rendered it admissible as a circumstance against the appellant. Bloch v. State, 81 Texas Crim. Rep., 8.

The endorsements found on the check at the time that it was offered in evidence did not authorize its rejection upon the ground of

variance. The endorsements are not part of the document declared upon. Branch's Ann. Penal Code, Sec. 1397; Hennessy v. State, 23 Texas Crim. App., 354; Leslie v. State, 47 S. W. Rep., 368; Labbaite v. State, 6 Texas Crim. App., 257; De Alberts v. State, 34 Texas Crim. Rep., 508; Gumpert v. State, 88 Texas Crim. Rep., 492, 228 S. W. Rep., 237.

The confession of the appellant was available to the State in aid of other proof to establish the *corpus delicti.* Jackson v. State, 29 Texas Crim. App., 464; Branch's Ann. Penal Code, Sec. 1890. The *corpus delicti* being established, the identity of the accused may be established by his confession. Sullivan v. State, 40 Texas Crim. Rep., 639; Gallegos v. State, 49 Texas Crim. Rep., 115.

In the case before us, in addition to the confession to which we have adverted, it is proved that the payee named in the check presented it at the bank upon which it was drawn; that the purported maker had no account in the bank; and there were facts sufficient to justify the inference by the jury that the maker of the check was, in fact, a fictitious person. The evidence is sufficient to show that the document was forged. With the confession, this evidence is fortified and the verdict establishing appellant's guilty connection with the forgery supported.

The evidence, in our opinion, is of sufficient cogency to sustain the verdict, and in the procedure we have found no departure from lawful methods.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### June 22, 1921.

HAWKINS, JUDGE.—Appellant has filed a motion for rehearing, in which no new propositions are presented to the court. The grounds of the motion are very general, simply reiterating that the court was in error in not having sustained the assignments originally presented upon the first submission of the case.

Believing a proper disposition was made in the first instance, and having found no reason to change or modify the opinion heretofore rendered, appellant's motion for rehearing will be overruled.

*Overruled.*