WUENNEMANN ET AL. *v.* MARTENS ET AL.

*Wills—Construction—Residuary estate distributed per capita, when.*

A residuary clause of a will devising property to "the children" of designated brothers and sisters of testator and providing "above named all to receive equal shares," when considered with the next paragraph of the will, that "As all my relatives are to share in my estate equally, it is my wish and will that if any one of them shall attempt to break my will, the same shall not receive anything," will be construed to mean that the residuary estate is to be divided into equal parts and distributed per capita.

(Decided December 4, 1922.)

APPEAL: Court of Appeals for Hamilton county.

*Messrs. Powell & Smiley,* for plaintiffs.
*Messrs. Dempsey & Dempsey,* for defendants.

BUCHWALTER, J.   The action as presented here involves only the construction of Item 4 of the last will and testament of John Bernard Martens, deceased.   Said Item 4 is as follows:

"All the rest and residue of my estate, be the same real, personal or mixed, wheresoever the same be situated, I give, devise and bequeath to the children of my brother, *John Henry Martens,* dec'd.; to the children of my brother, *Gerhard Henry Martens,* dec'd.; to the children of my brother, *Gerhard Herman Martens,* dec'd.; to the children of my sister, *Mary Evans,* dec'd.; to my wife's sister, *Mrs. Elizabeth Wuebkers;* to the children of my wife's sister, *Mrs. Mary Hoffrogge,* dec'd.; and to my wife's sister, *Mrs. Adelaide*

*Wuennemann;* the above named all to receive equal shares.

"Finally, it is my wish that the will be carried out as specified, that the bequests be fulfilled and paid as soon as possible; and as all my relatives are to share in my estate equally, it is my wish and will that if any one of them shall attempt to break my will, the same shall not receive anything."

It is contended by Adelaide Wuennemann, and others, that the estate under this section of the will should be divided into seven parts, one each going to the persons or classes named and italicized.

George Martens, and others, contend that the distribution should be per capita.

Many cases from several states are cited, in briefs of both parties, in which the language in residuary clauses differs from the wording of the Item in question, but it is not necessary to review them here.

The purpose in the construction of a will is to determine the intention of the testator. This may be gained from the entire will, or from the particular clause, and where the intent is plain various general rules of construction may be disregarded. Every word used by the testator should, if possible, be given consideration and effect.

Naming the children of various brothers and sisters, the testator gives a proper designation of those who are to take. The Item then proceeds:

"The above named all to receive equal shares."

And later it adds:

"As all my relatives are to share in my estate equally, it is my wish and will that if any one of them shall attempt to break my will, the same shall not receive anything."

"Any one of them" means "any one of my relatives," and surely cannot refer to a class of several relatives. It could hardly be said that "all my relatives" refers to classes, as each of the children referred to is a relative, and if any one contests, that relative would lose his share. It seems plain that the word "all," appearing twice, is used in the sense of "each." The naming of the parents designated just what children were intended. In case there had been no will, the children of the brothers and sisters of the testator would have been entitled to the entire estate, and the sisters of his wife would have received nothing.

In the opinion of Judge Nichols, in the case of *Godfrey* v. *Epple,* 100 Ohio St., 447, at 452, it is said:

"There is a primary rule applicable to the construction of wills, that the heir at law shall not be disinherited by conjecture, but only by express words, or necessary implication."

And at page 453 Judge Nichols says:

"The rule of presumption in favor of the heir at law must yield, it is true, to the manifest intention of the testator, but only, as we have just observed, if this intention be gathered from express words of the will."

We are, therefore, of the opinion that the meaning of the residuary clause is that the estate should be divided into twenty-one parts and distributed per capita.

*Judgment accordingly.*

HAMILTON, P. J., and CUSHING, J., concur.