Ernest Lawson v. The State.

No. 8176. Decided January 16, 1924.

**1.—Murder—Death Penalty—Corpus Delicti.**

Where, upon conviction of murder inflicting the death penalty, the only contention made is that the corpus delicti is not established; that the confession of appellant is alone relied upon by the State and that it does not measure up to the requirements of the law, but the corpus delicti is established by other evidence than a confession there no error.

**2.—Same—Confession—Death Penalty.**

Where appellant contended that if the confession be sufficient to connect the accused with the crime, it is not of that force and cogency which would justify the infliction of the extreme penalty of the law, yet where the evidence showed that the defendant and another were engaged in a burglary and that defendant armed with a pistol watched to prevent interruption, and that he killed deceased who was an officer in discharge of his duty, there are no extenuating circumstances.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*Jimmie McNicoll*, for appellant.—On question of insufficiency of evidence: Sharp v. State, 197 S. W. Rep., 207; Pratt v. State, 50 Texas Crim. Rep., 231; Combs v. State, 52 id., 617; Ellison v. State, 59 id., 3.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in Criminal District Court No. 2 of Dallas county of the offense of murder, and his punishment fixed at death.

No testimony was offered in behalf of appellant. Without dispute it was shown that on the night of May 24, 1923, J. R. Crain, a night watchman, was shot in the head and almost instantly killed. Parties who heard the shot and hurried to the scene found Mr. Crain dead with a bullet hole in the front part of his head. The body was lying near the side entrance to a drug store and through a pane of glass in said door at about a heighth bringing it on a level with the head of Mr. Crain when standing, appeared a bullet hole. A probe of the bullet wound revealed the presence of a bullet lodged just under

the skull. It was removed and testified to be a 38-caliber bullet. Appellant was arrested some time later and made a confession in writing and under the forms required by our statute, which confession was introduced against him. In said confession he stated that he and another party entered the drug store in question and were engaged in securing some articles, he watching the door while his companion got the property. His companion called to him that he thought he heard some one coming and that he, appellant, saw a man on the outside approach the door and put his hand up as though to open it. Appellant fired through the glass of the door and saw the man fall. Both appellant and his companion then fled. After his arrest appellant told an officer that if he would go to 829 North Central Street he would find the pistol which was used by him in doing the shooting. 829 North Central Street was where appellant lived. The officer went there and found a 38-caliber pistol, which was produced and offered in evidence upon the trial. It was found some three weeks after the killing.

The above appear to be the salient facts in the case, and the only contention made is that the corpus delicti is not established; that he confession of appellant is alone relied upon by the State for that purpose, and that it does not measure up to the requirements of th· law. Authorities are cited by appellant which will not be reviewed by us. In the very recent case of Aven v. State, 95 Texas Crim. Rep., 155, 253 S. W. Rep., 521, this court had occasion to lay down what it conceives to be a correct announcement of the law with reference to the very question now presented. There seems to be no question but that the fact is amply established by evidence other than that of the confession of the accused that the deceased came to his death by the criminal act of some person other than himself. When this is true we think the confession of the accused sufficient to connect him with the crime and to justify a judgment against him therefor.

Appellant further contends that if the confession be sufficient to connect the accused with the crime, it is not of that force and cogency which should justify the infliction of the extreme penalty of the law. We can not agree with the contention made. Before the law abolished the degrees of murder it was expressly stated as a part of our law of homicide that all murder committed in the perpetration of burglary was murder in the first degree, that is, that this was equivalent to express malice aforethought. We have here two parties engaged in a burglary, one of whom, the appellant, armed with a pistol, is watching to prevent interruption while engaged in the commission of a crime. Deceased, an officer in the discharge of his duty, approaches the door and starts to enter. Without warning and without any opportunity to defend himself, he is shot down by one of the parties

engaged in the burglary. We observe neither excuse nor extenuating circumstance in the record and conclude that the jury were fully warranted in the infliction of the extreme penalty of the law.

The judgment will be affirmed.

*Affirmed.*