HAWKINS, Judge.
 

 Appellant is under conviction for the unlawful maufacture of intoxicating liquor with punishment assessed at one year in the penitentiary.
 

 On December 21st, 1923, the sheriff Of Milan County had search warrants authorizing him to search the premises of A. Gandy and Jim Gandy. It is not shown how far apart these two persons lived but we gather from the evidence it was not a great distance.
 
 *676
 
 The officers separated, one squad going to A. Gandy’s premises and the other to Jim’s.. About half a mile south of A. Gandy’s house the officers found four barrels of mash and a fifty-gallon container that showed evidence of having been used in the manufacture of whiskey. They found several holes which had been dug in the ground where fruit jars appeared to have been buried. No whiskey was found upon the premises of A. Gandy. Not far from the premises of Jim Gandy were also found four barrels of mash buried in the ground and a fifty-gallon container or still, and about twenty steps thereform 13 one-half gallon fruit jars of whiskey were found buried. A plain trail led from the house of A. Gafidy in both directions to where this equipment and whiskey was discovered. The officers arrested A. Gandy and Jim Gandy, took them to Cameron and placed them in jail. Appellant was a young man about twenty-two years old, a son of A. Gandy, and lived with his father. Appellant was not present at the time the officers first reached A. Gandy’s place, but came up while they were there. He was not formally placed under arrest, but was told to stay at the house with a couple of men who were left with him while the others conducted the search. Before, the officers returned from making the search appellant had gone. The next morning he appeared at the sheriff’s office and asked to see the district judge to whom the sheriff took him, and was by the district judge directed to the county attorney’s office. He there made the following statement after being properly warned.
 

 “My name is Dewey Gandy. I am the son of A. Gandy, and' reside near Hanover in Milam County. I was at my father’s house on yesterday Dec. 21st, 1923 when the sheriff was out at the place and made a'search for whiskey. I have been making whiskey out there at the place, and had a still and coils and barrels and container and mash. I would cook the whiskey off down in the woods or pasture. The whiskey found by the officers belonged to me and I made same during this year 1923. I was making that whiskey to drink for beverage purposes. The 1st still and outfit that I had blew up and I lost the liquor.”
 

 No indictments were returned against A. Gandy and Jim Gandy, but upon appellant’s confession and the evidence .discovered by the officers the indictment was returned against appellant.
 

 No complaint is made at the charge of the court, nor were any exceptions reserved to the admission or rejection of testimony. The only point urged is -that the testimony is not sufficient to support a conviction. This contention is based upon the proposition that no evidence connected appellant with the manufacture of the liquor save his uncorroborated confession, and that this will not support a conviction.
 

 
 *677
 
 To support his contention appellant relies chiefly upon Harris v. State, 28 Texas Crim. App. 308 and upon a later opinion in a subsequent appeal of the same case reported in 17 S. W. 1110. Mary Harris was charged with the murder of her child by drowning. Examination of the opinions in the two cases very clearly shows that the evidence (other than the confession of accused) showed the child was born alive, but nothing save her confession showed that the child met a violent death by drowning. This was the point in the mind of the court at the time the two opinions were written. Appellant relies upon the following expression found in the case reported in 28 Texas Crim. App. at page 308:
 

 “The corpus delicti consists not merely of an objective crime, but of the defendant’s agency of the crime; and it is well settled that unless the corpus delicti
 
 in both these respects is proved,
 
 a confession is not by itself enough to sustain a conviction.”
 

 Later opinions of this court show that if the expression just quoted was regarded at the time it was uttered as a correct proposition it has long since been abandoned, and for many years an entirely different rule has obtained in this state. In Sullivan v. State, 40 Texas Crim. Rep. 633, Judge Davidson, writing in a ease where a 30-year term in the penitentiary had been awarded Sullivan upon a murder conviction, used this language:—
 

 “Appellant contends the court erred in refusing to give certain special instructions requested by him, in which it was sought to present his theory of the ease. They are based upon the proposition that the uncorroborated confession of an accused is not sufficient to justify a conviction. That is a very sound proposition of law; but as we understand the record, it has no application to this case. The evidence places beyond question that deceased (Charley Williams) was in a ballroom, engaging in the festivities, when some one approached from the outside, and shot him through the window. It is also shown that at the time this shot was fired two shots were fired in the ballroom, one taking effect in the leg of one Gentry. There is no direct positive evidence as to who fired the shot from the outside, except the confession of defendant. His confessions are clear and unequivocal. He states that, while standing outside, he shot deceased through the window. It is well settled that the confession of the accused alone will not justify a conviction. This question has been frequently decided by various decisions in this State; but, so far as we are aware, it is settled that, the death of the deceased being shown to have been brought about by the criminal agency or procurement of some one, the confession is sufficient to connect the party máking the confession with the crime.”
 

 
 *678
 
 To the same effect is White v. State, 40 Texas Crim. Rep. 366. Again in Galleges v. State; 48 Texas Crim. Rep. 58, Judge Davidson said:
 

 “Wherever the corpus delicti is proved, a confession is of sufficient cogency to connect the party making the confession with the killing; and has been regarded, as far as we are aware, by all the authorities as a sufficient predicate to support the conviction. Some of the authorities, and the later decisions of this court, have gone even farther, and hold that the confession could be used to assist in making out or establishing the corpus delicti. But under all the authorities, so far as we are aware, a homicide being proved, the confession is sufficient to connect the party making that confession with a guilty participancy in the homicide.”
 

 •
 

 Other cases adhering to this principle will be found collated, under §1890, page 1049, Branch’s Ann. P. C. See also Brice v. State,-Texas Crim. Rep.,-179 S. W. 1178; Mettall v. State, 89 Texas Crim. Rep. 216, 232 S. W. 315; Lyles v. State, 91 Texas Crim. Rep. 127; 237 S. W. 558; Lawson v. State, 96 Texas Crim.Rep. 322, 257 S. W. 559.
 

 The offense charged in the present case was- the unlawful manufacture of intoxicating liquor. Regardless of the confession, the evidence amply established that this offense had been committed by some one, and the corpus delicti was thus shown. We see no reason why the principle heretofore announced in many eases should not also be pertinent in the present instance. The confession of appellant (the crime already having been established by other evidence) is held- to be sufficient to show his guilty connection with the offense.
 

 Believing the evidence amply sufficient to support the judgment an affirmance is ordered.
 

 Affirmed.