## R. G. VANCEL v. THE STATE.

### No. 8763. Delivered May 6, 1925.

**1.—Murder—Evidence—Of Criminal Agency—Insufficient.**

In this case appellant was tried and convicted of the murder of a new born baby, the illegitimate child of his wife. If the death of the child were shown as resulting from any criminal means, or agency, the evidence of appellant's guilt, though circumstantial, would be sufficient to sustain a conviction. It was clearly established that the child was buried by him at night in a surreptitious manner, but proof that it met death by violence is not shown.

**2.—Murder—Same Subject.**

In order to warrant a conviction of murder, the death of deceased by violence, or some criminal means or agency must be proven, beyond a reasonable doubt. Mere motive, and other circumstances pointing to one as being likely to commit a homicide, are not sufficient under the law. The facts must go further, and show that a homicide was actually committed. The facts in this case, wholly fail in this essential.

**3.—Same—Same Subject.**

The state is required by authority more ancient than this court, to do more than show motive and opportunity for the commission of a homicide, before it can claim the liberty of a citizen of Texas. It must meet the full burden, and show beyond a reasonable doubt, not only that death has occurred, but that deceased met death by some criminal means or agency, and that the defendant is the guilty agent. Failing to meet this measure of proof, the cause is reversed. As elucidative of these principles see Sheppard v. State, 17 Tex. Crim. App. 81 and other cases cited.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hoseay, Judge.

Appeal from a conviction of murder; penalty, forty years in the penitentiary.

The opinion states the case.

*McLean, Scott & Sayers,* of Ft. Worth, for appellant.

*R. K. Hanger,* District Attorney, Tarrant County, *W. H. Tolbert,* Assistant District Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Tarrant County for the offense of murder and his punishment assessed at confinement in the penitentiary for a term of forty years.

The facts show that the wife of appellant, while attending college in October, 1923, was examined by the college physician and found to be eight months pregnant. She was immediately sent to her home in Ballinger, and on October 13th, 1923, she and appellant were married. Shortly after the ceremony they left for Fort Worth, and on November 3rd appellant carried his wife to a sanitarium in that city, and there a baby boy was born to her on the 4th. On the 9th of November she left the hospital with the husband and baby. The three went in a Ford car to a hotel a little before dark on November 11th, appellant taking his wife to a room, the baby being left in the car. Appellant, after carrying his wife to a room upstairs, came down and got in the car and carried the baby to the outskirts of the city and buried it near a dripping vat. The facts are entirely sufficient to show that the baby was born alive, and there is ample motive shown for appellant's killing the baby. The difficulty with the State's case is that it fails utterly in showing that the baby came to its death by any criminal means or agency. Immediately after its burial, officers in Tarrant County, accompanied by an undertaker, exhumed the body and, after it was prepared properly, it was turned over to Doctor T. C. Terrell, who made a most thorough post-mortem examination of the body of the child. The State offered Doctor Terrell as a witness, and we are fully persuaded that, unless his testimony shows that death was caused by a criminal means or agency, then the same was not shown. Doctor Terrell's complete report of the autopsy is contained in the record. It covers four full pages of the Statement of Facts. It doubtless covers every matter that could shed light on the cause of the child's death. But candor compels the statement that we have been unable to form any sort of conclusion from a diligent study of the same as to whether the child did or did not meet its death by some

criminal means or agency. His conclusions, however, based on said report, are more enlightening. From them we gather that on the face of the child was a reddish area which was propably caused by pressure. The doctor gives it as his opinion, however, that this pressure was produced after death. With this exception, if we correctly interpret the testimony of the witness, there were no marks, bruises, or other signs of violence, either external or internal, on the child from which the doctor would venture the opinion that death was caused. In fact, this witness when pressed for his opinion as to the cause of the child's death, stated more than once, with commendable frankness, that he did not know. Indeed, his testimony, as well as that of the other medical witnesses, is not strong to the effect that the child died from natural causes and not from violence. Appellant made various contradictory statements about the matter, but in every instance contended that he was in no manner responsible for the child's death.

Were it shown that the child had been actually murdered, we would experience but little difficulty perhaps, from the facts and circumstances in the case, in concluding that the jury was warranted in finding that appellant committed the offense. But mere motive and other circumstances pointing to one as being likely to commit a homicide are not sufficient under the law. The facts must go further and show that a homicide was actually committed. The facts in this case wholly fail in this essential. There are no facts in the record that show that the deceased's death was caused by violence, and we can not so construe the law as to in effect destroy the presumption of innocence, even in order to sustain a conviction of one whose motive for the homicide is clearly shown. The State is required by authority more ancient than this court to do more than show motive and opportunity for the commission.of a homicide before it can claim the liberty of a citizen of Texas. It must meet the full burden and show by evidence beyond a reasonable doubt not only that death has occurred but that the deceased came to his death by some criminal means or agency and that defendant is a guilty agent. As has been said by this court, precedents are of little value in cases of this character; each stands more or less on its own peculiar facts. But as bearing on the general principles above discussed we refer to Sheppard v. State, 17 App. 81; Harris v. State, 28 App. 308, 12 S. W. 1102; Warren v. State, 30 App. 58, 16 S. W. 747; Joseph v. State, 34 Texas Crim. Rep. 446, 30 S. W. 1067; Fletcher v. State, 68 S. W. 173.

From what has been said it follows that it is our opinion that the facts are insufficient to show that deceased's death was caused

by any criminal means or agency, and it is therefore our opinion that this case should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.