### Cleve Joiner v. The State.

#### No. 10358.    Delivered January 5, 1927.

**1.—Murder—Corpus Delicti—Not Established.**

The body of a dead man, evidently murdered, was found floating on the Sabine River. Appellant was arrested, charged with the murder, and made a written confession, admitting that he and Henry Langston had murdered Jim Brown, another negro, and had weighted down his body and thrown it in the Sabine River.

**2.—Same—Continued.**

On the trial every witness introduced by the state testified that the body found was that of a white man and not of a negro. No one identified any of the clothing on the body as that of Jim Brown. Not a single witness was produced on the trial to testify that Jim Brown was not living, either directly or circumstantially, or that Jim Brown was missing previous to the discovery of the body. The remains found were not discovered by reason of appellant's confession.

**3.—Same—Continued.**

In Art. 1204, P. C. 1925, it is said: "No person shall be convicted of any grade of homicide unless the body of the deceased, or portions of it, are found and sufficiently identified to establish the fact of the death of the person charged to have been killed."

**4.—Same—Continued.**

A confession is available to aid in identifying the remains but alone is not sufficient to dispense with the proof demanded by the statute, nor to establish the guilt of the accused. In the absence of some cogent testimony that the body found was that of Jim Brown, the proof required by the the statute quoted is not sufficient. See Kugadt v. State, 38 Tex. Crim. Rep. 683; Silva v. State, 278 S. W. 216; Follis v. State, 12 S. W. 1102, and many authorities collated in Vernon's P. C. 1925, Vol. 2, page 343.

Appeal from the District Court of Newton County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder of Jim Brown, punishment fixed at confinement in the penitentiary for a period of five years.

At some time during the month of. December, 1924, a human body appeared on the surface of the Sabine River. Upon its discovery the body was brought to the shore. Attached to it was a sack containing rocks weighing about thirty pounds, also a hat. On the body there was a hole in the head behind the left ear and one in the small of the back. These holes were each about the size of a half-dollar. The skull was fractured and the left eye was gone. The body bore the appearance of having been in the river for some time. After the discovery and examination of the body, the appellant was arrested. While under arrest he signed with his mark, in the presence of two witnesses, a written statement in which he stated that he, *in* company with Henry Langston, shot and killed Jim Brown in the presence of two women named Ann Cade and Nora Cade. He further stated that after Jim Brown had been killed, his body was sunk in the river at a certain place, which was named, and that a sack containing two rocks and the hat of Jim Brown were attached to the body.

A number of witnesses examined the body and gave testimony. Among them were the sheriff and the deputy who removed the body from the river, and the justice of the peace who held the inquest. It appears that immediately after the body was removed from the river, there were fifteen or twenty persons present who observed it. From the testimony of the justice of the peace we quote:

"I saw the body taken out. The body was white.

"I knew Jim Brown. He was a 'nigger'. There was nothing about the body when it was taken out of the river that made me believe it was Jim Brown's body; no, it was not Jim Brown's body."

Nearly all of the other witnesses who testified gave testimony substantially like that given by the justice of the peace, quoted above. The deputy sheriff testified that he took the body to be that of a white man. The sheriff testified that he observed a little hair on the edge of the head of the body, which was kind of kinky hair, but he did not know whether the body was that of a white man or a negro. None of the witnesses intimated that they recognized the body as that of Jim Brown.

The bills of exceptions complaining of the receipt of the written statement in evidence show no error. The same may be said concerning the exception to the charge.

In Article 1204, P. C., 1925, it is said:

"No person shall be convicted of any grade of homicide unless the body of the deceased, or portions of it, are found and sufficiently identified to establish the fact of the death of the person charged to have been killed."

Except as stated above, we find no evidence of the circumstances or otherwise to meet the requirements of the statute demanding that the body of the deceased be identified. There was no evidence of search for the deceased and no evidence to show that the apparel found upon the body or in the sack had ever been in the possession of Jim Brown. His place of residence is not shown; nor does it appear that there had been any search for him. The remains found in the river were not discovered by reason of the statement of the appellant. The finding of the body was accidental. It had been sunk and arose to the surface. The evidence fails to show that Jim Brown was missing previous to the discovery of the body, or that there had been any search for him thereafter. There is an absence of any threats or motive or suspicion against the appellant except as the same appears from the statement mentioned, which was made sometime after the body was discovered. The purported eye-witnesses to the homicide who were named in the written statement were not called to testify, nor was their absence explained. The statute quoted makes it essential that the body or a portion of it be found and identified. Such evidence as was adduced upon the trial tends to negative the identity. Many witnesses viewed the body. All of them testified that it was a white man except the sheriff, who said that he was unable to say whether it was a white man or a negro. A confession is available to aid in identifying the remains, but alone is not sufficient to dispense with the proof demanded by the statute quoted nor to establish the guilt of the accused. See Kugadt v. State, 38 Tex. Crim. Rep. 683; Silva v. State, 278 S. W. 216; Follis v. State, 101 S. W. 242; Harris v. State, 12 S. W. 1102, and many authorities collated in Vernon's Tex. P. C. 1925, Vol. 2, p. 343. In the absence of some cogent testimony that the body found was that of Jim Brown, the proof required by the statute quoted is not sufficient.

Because of the reasons set out, the judgment is reversed and the cause remanded.

·                    *Reversed and remanded.*