WILLIE McGREGOR v. THE STATE.

No. 15207. Delivered May 11, 1932.
Reported in 49 S. W. (2d) 818.

420

The opinion states the case.

*Jack Varner, L. B. Fowler* and *A. J. Thompson,* all of Nacogdoches, for appellant. .

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinement in the penitentiary for five years.

Some three weeks after her marriage, the daughter of the appellant gave birth to a child. The doctor, who reached the home soon after the child was born and who after his arrival gave attention to the mother, indicated in his testimony that the child's birth was after a normal period from the time of conception and that the child was born alive. Several days after the birth of the child the sheriff was told by the appellant that she had buried the child while it was alive. Upon information thus obtained from her, the officer caused the body to be exhumed. In addition to her statements to the sheriff, the appellant made a written confession, which was introduced in evidence, which was in substance the same as her declaration to the sheriff mentioned above.

A continuance was sought to obtain the attendance of the mother of the child who, as shown by the averments in the motion for a continuance and by the affidavit of the witness attached to the motion for new trial, would give testimony to the effect that the child died before it was buried. The materiality of the testimony seems not open to question. From the testimony of the mother, as averred in the motion and as set out in the affidavit, it would appear that while sleeping with its mother the child died; that after its death it was taken out of bed by its grandmother, the appellant. The motion for a continuance is not, in form or substance, lacking in the statutory requirements. As stated above, it was supported on motion for new trial by the affidavit of the witness, which was not controverted. It may be added that the evidence that the appellant killed the child seems supported alone by her extrajudicial confession. The insufficient character of such a confession, standing alone, to

establish the corpus delicti, has been declared by this court. Among the illustrations may be mentioned the following: Harris v. State, 28 Texas App., 308, 12 S. W., 1102, 19 Am. St. Rep., 837; Hernandez v. State, 110 Texas Crim. Rep., 159, 8 S. W. (2d) 947; Morgan v. State, 148 Tenn., 417, 256 S. W., 433; Gandy v. State, 99 Texas Crim. Rep., 643, 271 S. W., 97; Vancel v. State, 100 Texas Crim. Rep., 39, 272 S. W., 130. See 18 Texas Juris., p. 451, sec. 327, also p. 190, sec. 105.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*