LUIS GARCIA v. THE STATE.

No. 6421. Decided November 9, 1921.

Rehearing denied February 1, 1922.

**1.—Murder—Plea of Guilty—Practice in Trial Court.**

Where, upon trial of murder, a reversal was sought upon appeal because of the insufficiency of the evidence, *held:* that if the appellant regarded the evidence insufficient and desired the question reviewed on appeal he should have withdrawn his plea of guilty and entered the plea of not guilty. Following Alexander v. State, 69 Texas Crim. Rep., 23.

**2.—Same—Felony—Amount of Punishment—Statutes Construed.**

In a case of felony in which the jury has discretion concerning the extent of punishment, it is incumbent upon the State to introduce testimony under the plea of guilty. This is done, however, not upon the issue of justification but to enable the jury to advisedly assess the penalty. Following Terretto v. State, 86 Texas Crim. Rep., 191, and other cases.

**3.—Same—Justifiable Homicide—Practice on Appeal.**

It is not necessary to pass upon the point that under the statutes justifying homicide to prevent theft, appellant's act was lawful, as the evidence showed the intent, or motive, which impelled the defendant to shoot the deceased would be a question of fact for the jury, and, under the plea of guilty, the supposed lawful intent was eliminated.

**4.—Same—Rehearing—Plea of Guilty—Judicial Construction.**

Where appellant in his motion for rehearing questioned the correctness of the court's statement as to the effect of the plea of guilty, and referred the court to Harris v. State, 76 Texas Crim. Rep., 126, as not being in harmony with this court's view, *held:* that said opinion must be read in the light of the issue before the court, which was the question of insanity. Following Taylor v. State, 88 Texas Crim. Rep., 470.

**5.—Same—Justifiable Homicide—Theft—Statutes Construed.**

On the proposition that defendant was justified in the killing as being a homicide to prevent theft at night under Article 1105, Subdivision 8, P. C., he is referred to the recent case of Espalin v. State, which is adverse to his contention.

Appeal from the District Court of El Paso. Tried below before the Honorable W. D. Howe.

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*S. P. Weisiger,* for appellant.—Cited: Harris v. State, 172 S. W. Rep., 975; Crow v. State, 6 Texas, 334; Martin v. State, 38 S. W. Rep., 194.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The judgment condemns the appellant to confinement in the penitentiary for a period of fifteen years.

He entered a plea of not guilty. After the evidence was in, he asked the court to instruct an acquittal. This being refused, he withdrew his plea of not guilty and entered a plea of guilty.

A reversal is sought because of the insufficiency of the evidence and because the court refused to instruct the jury to acquit the appellant if they believed that he shot the deceased under the belief that he was attempting to steal melons which the appellant was guarding. If appellant regarded the evidence as insufficient and desired the question reviewed on appeal, he should have withdrawn his plea of guilty and entered the plea of not guilty. Alexander v. State, 69 Texas Crim. Rep., 23; Taylor v. State, 88 Texas Crim. Rep., 470, 227 S. W. Rep., 686. By our statute, the court is required to exercise great care in preventing the improvident entry of a plea of guilty; and a liberal practice prevails touching its withdrawal. Code of Crim. Proc., Art. 565. In a case of felony in which the jury has discretion concerning the extent of punishment, it is incumbent upon the State to introduce testimony. This is done, however, not to prove guilt, but to enable the jury to advisedly assess the punishment. Under the plea of guilty, there was no issue of justification. Doans v. State, 36 Texas Crim. Rep., 468, and other cases collated in Terreto v. State, 86 Texas Crim. Rep., 191. If the contrary were true, however, we would not be warranted in

disturbing a verdict of murder. From his own confession, and the undisputed testimony, it appears that one Espalin, the owner of a field in which there was a melon ʻpatch, employed the appellant to guard it and to kill those who might enter the enclosure. It was not contemplated that he would prevent the entry. On the contrary, he was to dissemble and lull would-be trespassers into a sense of security and shoot them when they entered.

Appellant shot and killed Grady Weeks on a dark night while the deceased was in the enclosure belonging to Espalin and which the appellant was guarding. Deceased, the witness Caples, and two other young men were riding in an automobile. Caples and deceased got out of the car to attend a call of nature and entered the enclosure. The car turned around, and as the light flashed upon the deceased, a shot was fired by the appellant from a point outside of the enclosure. Before he entered, Caples said to deceased: "Let's get a watermelon" to which the deceased answered "No." There had been no previous discussion of the intent to get melons.

The appellant did not understand the English language. After the homicide he remained at his post with gun in hand and, in his confession, says in substance, that Espalin furnished him with rifle and cartridges and directed him to remain outside of the enclosure, carry his gun in such a manner that it would not be seen and to shoot any one who entered the enclosure; that in pursuance of these instructions he shot the deceased; that from the actions of the deceased and his companion, he was caused to think that they were going to steal the melons which he was guarding.

The point is made that, under the statute justifying homicide to prevent theft, appellant's act was lawful. See Article 1105, subdivision 8 of the Penal Code. Against this the State interposes the view that the taking of melons is not theft, and therefore would not be within the purview of subdivision 8 of Article 1105. This position is urged in view of the classification of the taking of melons from the patch as "malicious mischief" under Article 1234 of the Penal Code. It is deemed unnecessary to pass upon the soundness of this position by the State. Adverting to the contention of the appellant that, under subdivision 8 of Article 1105 the homicide was lawful, as a matter of law, we confess our unwillingness to sanction this view. The correct interpretation of the statute, we think, is thus stated:

"If the killing was upon malice, and not to prevent a theft or the consequences of a theft, it would not be justified under the statute, although a theft by night was actually being committed by the deceased at the time he was killed." (Laws v. State, 26 Texas Crim. App., 655.) Surges v. State, 88 Texas Crim. Rep., 288, 225 S. W. Rep., 1105; Newman v. State, 58 Texas Crim. Rep., 443; Amer. and Eng. Ann. Cases, vol. 21, p. 718. If it be conceded that if the appellant acted upon the reasonable belief that the deceased was about to take the watermelons and fired to prevent the mischief, he would be ex-

cused from the homicide, the evidence is still not insufficient to support the verdict of murder. Even under a plea of not guilty, the intent or motive which impelled him to shoot the deceased would be a question of fact for the jury to solve and not a matter of law for the court to decide. Under the plea of guilty, the supposed lawful intent was eliminated. By entering that plea the appellant conclusively admitted that the homicide was unlawful and invoked the decision of the jury alone upon the amount of the punishment.

The indictment for murder embraced the lower, as well as the higher, grades of homicide, and it was the right of the appellant to have the jury instructed upon the grades of the offenses to which there was adequate evidence. Jackson v. State, 48 Texas Crim. Rep., 375.

The only complaint of the court's charge is that it did not submit the theory of justification, a theory which, under the plea of guilty, could not arise. It passed out of the case upon the entry of the plea. If the evidence raised it, it might have been reinstated by withdrawal of the plea of guilty and entry of a plea of not guilty.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 1, 1922.

HAWKINS, JUDGE.—Appellant questions the correctness of our statement as to the effect of a plea of guilty, and refers us to Harris v. State, 76 Texas Crim. Rep., 126, 172 S. W. Rep., 975, as not being in harmony with our views. The opinion in that case must be read in the light of the issue before the court, which was the question of insanity. In Taylor v. State, 88 Texas Crim. Rep., 470, 227 S. W. Rep., 679, in the opinion on motion for rehearing will be found this language: "With certain statements in the Harris case we reluctantly disagree, and regret that the same may have led to some confusion, but with the spirit of that decision we are in hearty accord."

The further reading of that opinion will make manifest the attitude of the court on the question before us when our original opinion in the instant case was written.

On the proposition that accused could justify the killing as being a homicide to prevent theft at night under Article 1105, subdivision 8, P. C., the decision in No. 6420, Espalin v. State, 90 Texas Crim. Rep., 625, (original opinion November 23, 1921, on rehearing January 25, 1922), is directly adverse to appellant's contention.

The motion for rehearing is overruled.

*Overruled.*