A. R. PITTMAN v. THE STATE.

No. 7003. Decided June 23, 1922.

Rehearing Denied October 11, 1922.

1.—Theft of Automobile—Temporary Taking.

Where, upon trial of theft of an automobile, defendant pleaded guilty and was represented by counsel, and no exception was taken to the court's charge, and in the absence of a withdrawal of the plea of guilty, his contention that the evidence raised the issue of temporary taking, cannot be considered on appeal. Following Garcia v. State, 237 S. W. Rep., 279.

2.—Same—Rehearing—Suspended Sentence.

Where defendant in his motion for new trial did not contend that he was wrongfully induced to plead guilty, etc., and the evidence supported the conviction, the jury declining a suspended sentence, there was no reversible error.

Appeal from the District Court of Stephens.    Tried below be-
fore the Honorable C. O. Hamlin.

Appeal from a conviction of theft of an automobile; penalty, five
years imprisonment in the penitentiary.

. The opinion states the case.

*V. L. Shurtleff,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was indicted for theft of an auto-
mobile.  He entered a plea of guilty under all the formalities of the
law, and requested a suspended sentence.  The jury fixed his punish-
ment at five years in the penitentiary and denied the suspended sen-
tence.  He now contends that notwithstanding his plea of guilty his
evidence raised the issue of a temporary taking only, and that this
issue should have been submitted to the jury.

Appellant was represented on his trial by an attorney.  No ex-
ception was taken to the charge; no special charge was requested pre-
senting the issue; no request for withdrawal of the plea of guilty was
made.  It appears to be a case where appellant was relying on
securing a suspended sentence, and being disappointed in this, is
now asking this court to relieve him of the result of bad judgment
in pleading.  Much the same condition was presented in Garcia v.
State, 91 Texas Crim. Rep., 9, 237 S. W. Rep., 279.  We there said:
"If appellant regarded the evidence as insufficient and desired the
question reviewed on appeal, he should have withdrawn his plea of
guilty and entered the plea of not guilty."

However, we have reviewed the evidence and from the entire rec-
ord we do not regard the issue of a "temporary taking" seriously
raised.  Certainly it will not justify a reversal as not supporting the
verdict.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 11, 1922.

LATTIMORE, JUDGE.—As stated in the original opinion herein,
there was a plea of guilty by appellant.  The jury declined to grant
him a suspended sentence and gave him a term of five years in the
penitentiary.  In his motion for new trial appellant does not con-
tend that he was wrongfully induced to plead guilty, nor is it con-
tended that he was not of sound mind, nor that he was unduly in-
fluenced.  The evidence appearing in the record amply supports the
verdict of the jury, and we are unable to find anything upon which

this court would be induced to grant the motion for rehearing. The motion, therefore, will be overruled.

*Overruled.*