### SAM BENNETT V. THE STATE.

No. 8792.　Delivered December 3, 1924.

Rehearing denied January 21, 1924.

**Burglary—Plea of Guilty—Sustains Conviction.**

Appellant entered a plea of guilty, and other evidence was introduced by the State. He claims that this evidence was not sufficient. It is said in

Doane v. State, 36 Tex. Crim. Rep. 468, that one who pleads guilty cannot attack the judgment because of the insufficiency of the testimony. See also Art. 566 of our C. C. P., and cases collated in this opinion.

Appeal from the Criminal District Court of Dallas County. Tried below before the Honorable Felix D. Robertson, Judge.

Appeal from a conviction of burglary; penalty, two years in the penitentiary.

*Baskett & DeLee,* Dallas, Attorneys for appellant.

*Shelby Cox,* District Attorney, Dallas; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Dallas county of burglary, and his punishment fixed at two years in the penitentiary.

Appellant pleaded guilty to the offense charged, and the State introduced in evidence against him, testimony of the local clerk of the Woodman Hall on Ervay Street who swore that he did not give the appellant his consent to enter that place on the occasion of the alleged burglary. There was also introduced a written confession made by the appellant. There seems no question from said confession but that he and others entered the Woodman Hall on Ervay Street in Dallas, broke open a safe and got out of it money which they appropriated. There was no claim of any entry or taking with the consent of any one authorized to give same.

Appellant's contention before this court is that the evidence is not sufficient because the clerk of said Woodman Camp was not asked if he had the care, control and management of the hall and that, therefore, it was not shown by sufficient testimony that appellant broke and entered the place without consent. It is said in Doans v. State, 36 Texas Crim. Rep., 468, that one who pleads guilty can not attack the judgment because of the insufficiency of the testimony. Art. 566 of our C. C. P. provides that where a defendant in a felony case persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law, a jury shall be impaneled to assess the punishment, and evidence be submitted to enable them to decide thereupon. The purpose of the statute in requiring evidence at all, when there is a plea of guilty, seems based on the proposition that some evidence should be introduced which might be considered by the jury in affecting the penalty or punishment to be fixed by them. A plea of guilty admits the existence of the statutory elements of the crime and we would not feel called upon to reverse because in presenting evidence some element ordinarily provable in making out the *corpus delicti* might be overlooked. Gipson v. State, 86 Texas Crim. Rep., 364; Bell v. State, 86

Texas Crim. Rep., 363; Williams v. State, 86 Texas Crim. Rep., 366; Coats v. State, 86 Texas Crim. Rep., 234; Gumpert v. State, 228 S. W. Rep., 237.

The judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—Urgent insistence appears that the evidence introduced upon the hearing of appellant's plea of guilty does not measure up to the requirements of Art. 566 of our C. C. P. Said article provides that in case of a plea of guilty in a felony case, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon. The allegation in the indictment in this case was burglary of a building alleged to be owned and occupied by Earl Z. Crowdus without his consent, and with the intent on the part of appellant to fraudulently take from such building property therein being and belonging to said Crowdus, etc. Crowdus testified that he was the clerk of the local Woodman Lodge on the date in question, and that the lodge room was entered, the safe broken open and a considerable quantity of money taken on two successive nights in December 1923. The confession of appellant contained the express admission that he in company with some others entered the Woodman Hall in question, broke open the safe and took therefrom the money. Not only do we regard the evidence given as being legal evidence, but we are further of opinion that it as much affected the attitude of the jury in fixing the punishment for the burglary in question, as would have been the case had Mr. Crowdus testified that as such clerk he had the care, management and control of the building. No objection was made to the testimony, and we do not regard the technical proposition as to whether the witnesses introduced in exact terms testified to those facts which would settle the nice point as to the ownership of a burglarized building, to be material, upon a plea of guilty, where the issue is as to how much punishment the jury should give.

The motion for rehearing will be overruled.

*Overruled.*