## H. L. CRUMBLEY V. THE STATE.

No. 9867.   Delivered February 10, 1926.

Rehearing denied March 17, 1926.

1.—Attempt to Pass Forged Instrument—Plea of Guilty—Evidence Sufficient.

Where, on a trial for attempting to pass a forged instrument, appellant has entered a plea of guilty, the sufficiency of the evidence cannot be questioned except, in a case in which the facts adduced are such as to show innocence, or in which there is no legal evidence adduced. Primarily the purpose of the evidence on a plea of guilty is to enable the jury to judge the proper punishment. Following Woodale v. State 58 Tex. Crim. Rep. 513 and other cases cited. Also see Vernon's Tex. Crim. Stats. Vol. 2 Art. 556.

ON REHEARING.

2.—Same—Plea of Guilty—Held Sufficient.

In his motion for rehearing appellant urges that his plea of guilty was entered under a misapprehension of the law. This question was not raised in his motion for a new trial, and there is nothing that we can find in the record to support such a contention, and his motion is overruled.

Appeal from the District Court of Grayson County.   Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for an attempt to pass a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

*J. O. Cox* of Sherman, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for an attempt to pass a forged instrument, punishment fixed at confinement in the penitentiary for a period of two years.

A plea of guilty was entered. No complaint is made by bill of exceptions of the rulings of the court.

The sufficiency of the evidence is challenged upon the ground that it does not show a guilty intent. A recital of the evidence is not deemed necessary. The guilty intent was sufficiently established by the confession of the appellant and by direct testimony of others  Moreover, on a plea of guilty, the sufficiency of the evidence is not available except in a case in which the facts adduced are such as to show innocence or in which there is no legal evidence adduced. Primarily, the purpose of the evidence on a plea of guilty is to enable the jury to judge the proper punishment. See Vernon's Tex. Crim. Stat., Vol. 2, Art. 556; Woodall v. State, 58 Tex. Crim. Rep. 513; Gipson v. State, 86 Tex. Crim. Rep. 364; Bell v. State, 86 Tex. Crim. Rep. 363; Williams v. State, 86 Tex. Crim. Rep. 366; Taylor v. State, 227 S. W. Rep. 679; Coats v. State, 86 Tex. Crim. Rep. 234; Terreto v. State, 86 Tex. Crim. Rep. 188; Gumpert v. State, 228 S. W. Rep. 237.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant filed a motion for new trial alleging that he had entered a plea of guilty under a misapprehension of the law, believing that if he presented a forged check for payment he would be guilty, although he claims not to have known at the time that it had been forged. No evidence was heard upon the issue when the motion for new trial was presented, or if so the record fails to show it. To support his contention he seems to rely on the facts proven at the time he entered a plea of guilty. In our opinion they do not support such contention.

The motion for rehearing is overruled.

*Overruled.*