EARL AILLS v. THE STATE.

No. 12929. Delivered January 29, 1930.
Rehearing denied March 5, 1930.
Reported in 24 S. W. (2d) 1097.

The opinion states the case.

*H. T. Lyttleton* of Marshall, for appellant.

*John E. Taylor,* Co. Atty., and *Benjamin Woodall,* Asst. Co. Atty., both of Marshall, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of ten years.

The indictment is regular. A plea of guilty was entered. On the trial, evidence of Mrs. Odell Morris, wife of the deceased, was heard. The appellant was a brother of the witness. She testified in part as follows: ·

"Odell· Morris was my husband and he is dead. He was killed by the defendant (Earl Aills) on the 7th day of December, 1928. I saw the killing. My husband was killed with a double-barrel shotgun in my brother's hands."

A dog belonging to the appellant had been killed while at the home of the deceased. It was killed because it had a fit and rabies was feared. The morning after the episode the homicide took place. The first intimation of trouble which the witness had was when she observed her brother approaching with a gun. At that time the deceased was going up the road towards his work on the fence which he was repairing. She heard the appellant say, "Odell, I am going to shoot you." Deceased replied, "You are lying if you don't." The appellant then shot. Deceased turned and pulled a hammer from his pocket which he threw at the appellant, who then got back over the fence and ran in his house, losing from his gun a loaded shell (which was afterwards picked up). She claimed that the appellant fired from his window, the shot striking the deceased, who at the time was going towards his own home. At the time the second shot was fired the deceased was thirty-four steps from the house of the appellant. That shot was fired after the deceased had turned to walk towards his own house.

In the evidence quoted we think the corpus delicti is established. In the motion for new trial, it is made to appear that the deceased, after he was shot, was taken to a hospital and placed upon the operating table, but died before any operation was performed.

We do not think that the plea of guilty carries the presumption of insanity. Art. 501, C. C. P. 1925, upon the subject reads thus:

"If the defendant plead guilty, he shall be admonished by the court of the consequences; and no such plea shall be received unless it plainly appear that he is sane, and is uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon prompting him to confess his guilt."

Interpretation of the statute adverse to the contention of the appellant is found in many decisions of this court. Among them is

the case of Taylor v. State, 227 S. W. 685. In the present instance the evidence on motion for new trial and the recitals in the judgment make it manifest that before accepting the plea of guilty the court investigated the matter and fully satisfied himself of the sanity of the accused. On the hearing of the motion for new trial the appellant testified upon the subject and was interrogated by both counsel and the court.

Appellant was represented upon his application for bail by an attorney. After indictment he was unable to employ a lawyer, and the court appointed two reputable attorneys, one of whom was a man of fifteen years' experience in the practice. Before the plea of guilty was entered, the attorneys made an investigation of the facts pertaining to the homicide, including inquiry of a number of witnesses who had been summoned to appear in court upon process and by talking to the appellant and his wife, the father of the appellant and other relatives. The appellant was advised of the consequences of his plea. That the jury would fix the agreed penalty could not be guaranteed but that the prosecution would agree not to ask for more than ten years and that there was a probability that the jury would not exceed that amount. The suspended sentence law was explained. The wife of the appellant disclaimed in the presence of the appellant and his attorneys any knowledge pertaining to the incidents of the homicide. The attorneys disclaimed any persuasive means used to cause the entry of the plea. On the hearing of the motion for new trial the judge made a statement corroborative of the theory of the State with reference to the occurrences which came to his knowledge touching the sanity and plea of guilty.

On the hearing of the motion for new trial the appellant testified to some facts which raised the issue of self-defense. He also proposed to prove by his testimony various previous transactions between him and the deceased in which the latter had used abusive and threatening language towards him, and by his wife, as an eyewitness, some favorable facts.

The plea of guilty carries such weight touching the guilt of the accused as to foreclose that question. The introduction of evidence by the State upon a plea of guilty is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. It is only when upon such investigation the evidence developed in an affirmative way makes evident the innocence of the accused of the offense that the judgment will be overturned on appeal by reason of the quantum of proof. The citation

of precedents in the State's brief and the cases therein cited are deemed quite adequate to illustrate the views of this court upon the subject in hand. See Phillips v. State, 268 S. W. 735, and numerous cases therein collated. The attending circumstances are not wanting in cogency adequate to establish malice aforethought. Doubt touching the sanity of the accused at the time he entered his plea of guilty is not deemed to arise from the evidence adduced upon the motion for new trial. The plea of guilty appears to have been entered after care which is more than usual by the court and counsel appointed by the court. The appellant's action was preceded by conferences with his witnesses, with knowledge of the nature and extent of the State's testimony, and the advice of his friends and relatives and by the counsel of his lawyers. Moreover, the testimony of the accused, in response to the inquiry of him made by the trial judge upon the hearing of the motion for new trial, leaves no doubt in the mind of this court that the plea of guilty was consciously, deliberately and voluntarily made, and the evidence thereof is of a nature which would not authorize or justify this court in reviewing the evidence to declare that there was an abuse of discretion in the action of the learned trial judge in overruling the motion upon the ground at present under discussion. The opinion of this court in Taylor v. State, 227 S. W. 684, and the precedents therein cited are regarded as exemplifying the present views of the court upon the subject.

The record of the proceedings before this court is deemed such as to definitely support the judgment entered in refusing to grant a new trial. Upon the question, reference is made to the case of Hawkins v. State, 270 S. W. 1025. See also Koch v. State, 10 S. W. (2d) 545, and precedents cited in the cases mentioned.

The judgment is affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant earnestly insists that the charge of the trial court was fundamentally erroneous for the reason that same did not expressly refer to or submit to the jury that the killing must be upon malice aforethought. The indictment charged that the murder was upon malice aforethought. Appellant pleaded guilty and thus admitted all the material allegations of the indictment as well as the statutory elements of the crime charged. Bennett v. State, 98 Texas Crim. Rep. 661; Gipson v. State, 86 Texas Crim. Rep. 364; Williams v. State, 86 Texas Crim. Rep. 366,

If at any time during the trial appellant came to the conclusion that the evidence was insufficient, and desired to act accordingly, he should have withdrawn his plea of guilty and entered a plea of not guilty. Garcia v. State, 237 S. W. Rep. 279. The record before us indicates that the plea of guilty was entered by appellant after full conference with his father and other interested relatives and friends among themselves, as well as with the two able counsel who were appointed by the court to represent appellant. This court sometimes loses patience with the actions of trial judges in appointing inexperienced attorneys to represent indigent men charged with capital offenses, but such action is not manifested in this case. The attorneys appointed here are experienced and able. We do not believe they would have advised or consented to the plea of guilty except such course had been in obedience to the dictates of their judgment and experience. We are in sympathy with any manifestation of injustice or wrong, but such manifestation must be real and not fancied.

The motion for rehearing will be overruled.

*Overruled.*