## GUS ANDERSON V. THE STATE.

No. 14340.    Delivered October 28, 1931.

*T. G. Binkley,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

Upon a plea of guilty the appellant was convicted of the possession of intoxicating liquor for the purpose of sale. Upon a search of his dwelling a large quantity of intoxicating liquor was found. At the time of the search the appellant was not at home. On a previous occasion a bottle full of alcohol was found on his premises. He testified disclaiming any knowledge of the presence of the liquor in his dwelling at the time of the search, and claimed that the alcohol which had previously been discovered was for legitimate use. He admitted, however, that he and one Satterfield were partners in the sale of intoxicating liquor at a filling station. Under the statute (Arts. 501-502, C. C. P.) governing the entry of a plea of guilty, the entry of the plea, after due admonition, is conclusive of guilt unless the evidence introduced upon the trial makes manifest the innocence of the accused. Harris v. State, 76 Texas Crim. Rep., 126, 172 S. W., 975. Upon a plea of guilty, the hearing is not to determine the guilt of the accused but to enable the jury to assess the punishment. Garcia v. State, 91 Texas Crim. Rep., 9; Bennett v. State, 98 Texas Crim. Rep., 661.

The judgment is affirmed.

*Affirmed.*