CHARLEY VANCE v. THE STATE.

No. 15564. Delivered November 9, 1932.
Reported in 54 S. W. (2d) 118.

158

The opinion states the case.

*L. D. Johnston* and *Lynn B. Griffith,* both of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinment in the penitentiary for a period of forty-five years.

A plea of guilty was entered. When, in the offense of murder such a plea is entered, the hearing of the evidence by the jury is for the purpose of determining the extent of the punishment to be assessed. See article 502, C. C. P., 1925; also Harwell v. State, 19 Texas App., 423; Burton v. State, 33 Texas Crim. Rep., 138, 25 S. W., 782; Coats v. State, 86 Texas Crim. Rep., 234, 215 S. W., 856. The matter of guilt of the offense is established by the plea, except in cases in which the evidence introduced demonstrates the innocence of the accused of the offense for which he is charged. See Anderson v. State, 118 Texas Crim. Rep., 194, 42 S. W. (2d) 1012. In the present instance, the evidence adduced upon the trial shows conclusively that the appellant killed the deceased and is such as to justify the conclusion that in committing the homicide the appellant acted with malice aforethought and without justification.

Appellant introduced testimony through his wife suggesting that he acted in self-defense. As stated above, however, the preponderance of the evidence is far to the contrary. The state's evidence is quite sufficient to support the conclusion that the commission of the offense was neither justifiable nor excusable.

Some bills of exception appear in the record which, in the main, relate to the cross-examination of the appellant's wife.

She was called as a witness by him and testified, as above stated, to facts tending to exculpate him. On the face of the bills we think that the claim that error is disclosed is untenable, and it is clearly made so by the bills as qualified.

In sentencing the appellant, the court ignored the statutory provision relating to the Indeterminate Sentence Law as set forth in article 775, C. C. P., 1925. The sentence will be reformed so as to condemn the appellant to suffer confinement in the state penitentiary for a period of not less than two nor more than forty-five years. As so reformed, the judgment is affirmed.

HAWKINS, Judge, not sitting.                    *Affirmed.*