ARGUS BUNCH v. THE STATE.

No. 14999.   Delivered February 8, 1933.
Rehearing Denied May 3, 1933.
Reported in 59 S. W. (2d) 394.

The opinion states the case.

*S. F. Rose,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for receiving and concealing stolen property; punishment, two years in the penitentiary.

Being called on to plead to an indictment containing two counts, the first charging theft of a watch worth $125.00, and the second charging the receiving and concealing of said watch after it had been stolen by a boy,—shown by the testimony to have been twelve years old at the time,—appellant, a grown man, represented by counsel, elected to and did enter his plea of guilty to the offense charged in count No. 2, after which the court gave to the jury his charge, instructing them fully as under such plea of guilty to find appellant guilty of receiving and concealing said stolen property, and to fix his punishment, which they did, giving him the lowest penalty of two years. Appellant also asked for a suspended sentence which was refused by the jury's verdict. He then filed a motion for new trial setting up that the testimony showed him guilty of theft of said watch, and that hence he could not be adjudged guilty of receiving and concealing same. The testimony referred to was that of the child mentioned whose testimony at most was that of an accomplice, and would not in any event be held sufficient to establish guilt of a particular crime unless otherwise corroborated. No testimony supported any theory that appellant had no guilty connection with the taking of said watch, or that he was innocent in the transaction. Hence we see no application of those cases which hold that if the statutory command that testimony be introduced upon the hearing of a plea of guilty in a felony case is disregarded; or if the testimony introduced establishes the innocence of the accused, then the judgment of guilty will not be allowed to stand. Crumbley v. State, 103 Texas Crim. Rep., 391, and Connor v. State, 93 Texas Crim. Rep., 255, are cited. In the latter case we said the verdict should be set aside where no evidence was adduced, or when the evidence "demonstrated the innocence of the accused." This holding grew out of the attitude of this court in expressing its unwillingness to let an innocent man suffer in a case where through youth, ignorance or other reason deemed sufficient it appeared that the accused was induced to plead guilty upon facts making clear the proposition that he was innocent. We have here no such case. We know of none in which the guilt of the accused is beyond dispute, and in which, admitting guilt of a specific offense, the accused by a species of legal legerdemain seeks to have this court hold, in effect, that he has been

acquitted of theft because the count charging that offense in the indictment was abandoned, and therefore upon another trial hereafter had for that offense he could not be convicted; so that if we hold that he is not guilty of receiving and concealing the alleged stolen property because the testimony of the accomplice tends to make out a case of theft, and hence we reverse the case for this reason, appellant will go scot free.

It appearing that appellant under the above circumstances specifically pleaded guilty to the offense charged in the second count, and there being nothing in the record showing that he was ignorant or misled; also that there was no objection to the testimony of said boy, or any other testimony; no exception to the charge of the court submitting to the jury guilt predicated on the second count, and there is nothing demonstrating appellant's innocence, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In a forceful motion for rehearing, appellant's counsel insists that the conviction should not be permitted to stand for the reason that the proof shows beyond question that the offense committed was theft. Appellant was convicted under an indictment in separate counts: In the first, with theft; in the second, with receiving and concealing stolen property.

The appellant entered a plea of guilty to the second count and thereby established his guilt of receiving and concealing stolen property. Therefore, no evidence was necessary to prove his guilt. The necessity for the evidence arose only to enable the jury to determine the penalty to be assessed. The state introduced the testimony of Tommie Jameson, a 12-year-old boy, who stole a watch which belonged to Jimmie Bynam. Jameson declared that he stole the watch at the appellant's suggestion and delivered it to him. The watch was found in possession of the appellant and identified by Bynam as the watch which he had lost. There is exhibited in the record no evidence showing how the appellant came into the possession of the watch save by the testimony of Jameson which, being uncorroborated, was inadequate under the terms of article 718, C. C. P., to prove that the appellant was guilty of theft. On the contrary, the evidence against the appellant of receiving the stolen property was definite. Bynam's watch, having been stolen, was found in the possession of the appellant soon after the theft. No explanation of his possession was made. See article 1430, Vernon's Ann. Tex. P. C., vol. 3, p. 198, illustrating the law

controlling when one accused of fraudulently receiving stolen property, when found in possession of it, offers no reasonable explanation of his right to its possession. In the court's charge the jury was told that "defendant has pleaded guilty to the charge of fraudulently receiving and concealing stolen property * * * as charged in the second count of the indictment," etc. The forms of verdict were, "We the jury, find the defendant, Argus Bunch, guilty of fraudulently and knowingly receiving stolen property of the value of $50.00 as charged in the second count of the indictment and as pleaded by him," etc. The remainder of the forms relate to the penalty and suspended sentence in event such was recommended. As the case came before the trial court the trial judge properly instructed the jury to find the appellant guilty of the offense of receiving stolen property. The action of the court in submitting the second count was tantamount to an election by the state to rely upon that count. See Vernon's Ann. Tex. C. C. P., vol. 1, p. 330, art. 417, note 36. There being evidence to support the second count and there being no objection at the time to the submission of that count, and the plea of guilty being thereto, the action of this court in sustaining the conviction should be upheld.

The motion for rehearing is overruled.

*Overruled.*