Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of burglary, upon a plea of guilty, and was by the jury assessed a penalty of two years in the penitentiary.

There are no bills of exception in the record, and the only complaint we find therein is relative to the sufficiency of the testimony to show appellant's guilt beyond a reasonable doubt. This proposition might have given us concern were it not for the fact that after having received a proper warning, the appellant "persisted in pleading guilty."

The trial court was not vitally concerned with the quantum of proof herein; the main proposition presented to it was, not to determine appellant's guilt,—he had confessed that in open court,—but such testimony was only for the purpose of enabling the jury to determine the amount of punishment, and the matter relative to a suspension of sentence, which was asked for herein.

We quote from the case of Anderson v. State, 118 Tex.Cr.R. 194, 42 S.W.2d 1012: "Under the statute (articles 501, 502, C.C. P.) governing the entry of a plea of guilty, the entry of the plea, after due admonition, is conclusive of guilt, unless the evidence introduced upon the trial makes manifest the innocence of the accused. Harris v. State, 76 Tex.Cr.R. 126, 172 S. W. 975. Upon a plea of guilty, the hearing is, not to determine the guilt of the accused, but to enable the jury to assess the punishment. Garcia v. State, 91 Tex. Cr.R. 9, 237 S.W. 279; Bennett v. State, 98 Tex.Cr.R. 661, 267 S.W.987."

Also see Bunch v. State, 123 Tex.Cr.R. 546, 59 S.W.2d 394.

The judgment is affirmed.

## KELLEY v. STATE.
### No. 21206.

Court of Criminal Appeals of Texas.

Nov. 6, 1940.

Bowlen Bond, of Fairfield, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for a violation of the Local Option Law. The punishment assessed is a fine of $100.

The complaint and information appear regular. The record is before us without statement of facts or bills of exception, in the absence of which nothing has been presented justifying a reversal.

The judgment of the trial court is therefore affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.