CHARLES C. RICHARDSON V. STATE

No. 28,809. February 20, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) April 10, 1957.

*Scarborough, Yates, Scarborough* and *Black,* by *Larry Scarborough,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for assault with intent to murder with malice aforethought upon a plea of guilty before a jury to a charge in the indictment that he "did then and there unlawfully and with malice aforethought, in and upon E. C. Lollar, Jr., make an assault with the intent then and there to murder the said E. C. Lollar, Jr.;" the penalty, seven years in the penitentiary.

The state's testimony offered upon the hearing of appellant's plea shows that the appellant went to the house where the injured party was living about 1 A.M., knocked on the door, and when the injured party, who had never before seen the appellant, came to the door the appellant said to him: "In case you are wondering * * * my name is Chuck Richardson * * *. There's a Mrs. Loretha Pray in the car that wants to talk with your wife," and the injured party replied: "Well, I'll tell my wife." It was further shown that as the injured party started to turn from the door appellant said to him: "I hear you are a pretty tough guy," and he replied: "Well, you've been misinformed," and appellant stated: "Well, you hurt a friend of mine the other night." The injured party testified that "I told him he better go on and get away from there. I knew he had something in his hand, but I thought it was a knife, but it was

a gun. I started to slam the door and I got the door almost shut and he shot" through the door and hit the injured party in the arm and that the bullet was still in his arm. The gun used by the appellant was shown to be a 25 automatic.

Loretha Pray testified that she was with the appellant on the night in question and had previously told him about some trouble she had with the injured party, but because of her condition as a result of drinking gin on the night in question she could not recall going to the injured party's house or what occurred there.

Appellant contends that the evidence is insufficient to sustain a conviction for assault with intent to murder with malice; that the court erred in refusing to instruct the jury that the appellant must have had an intent to kill to sustain the conviction; that the court erred in refusing to instruct the jury on lesser included offenses which the jury might find the defendant guilty of under this offense; and that the court erred in refusing to submit to the jury the question of what would constitute serious bodily injury.

Where a plea of guilty is entered and the proof offered shows the innocence of the accused or that he is insane, it may become the duty of the trial court to withdraw the plea of guilty and enter a plea of not guilty for him. Also, after a plea of guilty has been entered, the accused may request the court to withdraw his plea of guilty and enter for him a plea of not guilty. Alexander v. State, 69 Texas Cr. Rep. 23, 152 S.W. 436; Navarro v. State, 141 Texas Cr. Rep. 196, 147 S.W. 2d 1081; Ralls v. State, 151 Texas Cr. Rep. 146, 205 S.W. 2d 594. According to the record in this case neither of these situations arose during the trial.

The state, in pursuance of the requirements of the statute, where an accused pleads guilty to a felony upon a trial before a jury, introduced evidence for the purpose of enabling the jury to intelligently assess the proper punishment. Art. 502, Vernon's Ann. C.C.P.

Therefore under the charge in the indictment, the plea of guilty thereto by the appellant regularly entered with the formalities required by statute, and the evidence offered as herein shown, the guilt of the appellant as charged became settled as a matter of law and the only issue for the jury to determine was that of punishment. Bennett v. State, 98 Texas Cr. Rep. 661,

267, S. W. 987; Anderson v. State, 118 Texas Cr. Rep. 194, 42 S.W. 2d 1012; Vance v. State, 122 Texas Cr. Rep. 157, 54 S.W. 2d 118; Arguijo v. State, 142 Texas Cr. Rep. 467, 154 S.W. 2d 656.

The judgment is affirmed.

Opinion approved by the Court.