**Paul Nelson GLENN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42008.**

Court of Criminal Appeals of Texas.

April 2, 1969.

Rehearing Denied June 4, 1969.

Second Rehearing Denied July 9, 1969.

Abney & Burleson, by Phil Burleson, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is indecent exposure to a person under the age of 16 years; the punishment, 7 years' confinement in the Texas Department of Corrections.

Initially, appellant complains of the court's action in permitting the prosecutrix to make an in-court identification of him without affording him a hearing to determine if such identification was tainted by a police lineup. Appellant advances a due process claim since the alleged lineup occurred before the effective date (June 12, 1967) of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199. See also Graham v. State, 422 S.W.2d 922; Cobbins v. State, 423 S.W.2d 589.

The record reflects that prior to trial the court granted appellant's motion for such a hearing but declined to hear evidence at that particular time.

Thereafter, however, the appellant, being duly admonished, entered a plea of guilty before the jury. The prosecutrix's in-court identification was not objected to or challenged in any manner, nor was any hearing then requested. There is nothing in the record to show that there was in fact a lineup.

Only recently in Darden v. State, 430 S.W.2d 494, this Court said:

"It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. Miller v. State, Tex.Cr. App., 412 S.W.2d 650; Richardson v. State, 164 Tex.Cr.R. 500, 300 S.W.2d

83; Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460; Grounds v. State, 140 Tex.Cr.R. 209, 144 S.W.2d 276; Hawkins v. State, 158 Tex.Cr.R. 406, 255 S.W.2d 875; Vance v. State, 122 Tex.Cr.R. 157, 54 S.W.2d 118; Aills v. State, 114 Tex. Cr.R. 345, 24 S.W.2d 1097; Crumbley v. State, 103 Tex.Cr.R. 391, 280 S.W. 1064.

"Where the guilty plea is before the jury, the presumption of innocence does not obtain under the plea and there is no issue of justification under it. Stullivan v. State, 47 Tex.Cr.R. 615, 85 S.W. 810; Garcia v. State, 91 Tex.Cr.R. 9, 237 S.W. 279. See also Jackson v. State, 155 Tex.Cr.R. 466, 236 S.W.2d 623. Where such plea is before a jury, the accused may at any time before the retirement of the jury withdraw his plea and thus put upon the State the burden of proving his guilt beyond a reasonable doubt. Alexander v. State, 69 Tex.Cr.R. 23, 152 S.W. 436. It is observed that appellant made no effort to withdraw his guilty plea."

In the case at bar we note that appellant made no effort to withdraw his guilty plea nor do we find any evidence which would have obligated the court to have withdrawn such plea.

■ Identification has assumed a constitutional dimension, but "[w]ith reference to appellant's claim of deprivation of federal constitutional due process, attention is directed to Bee v. Beto, 384 F.2d 925, wherein the Fifth Circuit Court of Appeals held that a guilty plea entered by a Texas state defendant was conclusive as to the defendant's guilt, admitted all facts charged in the indictment and waived all nonjurisdictional defects [including federal constitutional questions], citing White v. Beto, 367 F.2d 557; Law v. Beto, 370 F.2d 369 and Haynes v. United States, 372 F.2d 651." Hoskins v. State, Tex.Cr.App., 425 S.W.2d 825.

Ground of error #1 is overruled.

■ Next, appellant contends the trial court erred in admitting into evidence a 1964 suspended sentence judgment against appellant at his November 7, 1967, trial.

The State offered such judgment, over objection, as part of appellant's prior criminal record. Such judgment dated October 28, 1964, reflects that appellant was convicted of indecent exposure and was placed on a suspended sentence for a term of two years.

It appears to be appellant's contention that the suspended sentence was granted pursuant to the provisions of former Articles 776–781, V.A.C.C.P., 1925; that such Suspended Sentence Law or Act was repealed by the 1965 Code of Criminal Procedure. See Article 54.02, Vernon's Ann. C.C.P.; Moats v. State, 402 S.W.2d 923; Ex parte McCarter, Tex.Cr.App., 415 S.W. 2d 409; Walker v. State, Tex.Cr.App., 440 S.W.2d 653; that at the expiration of the two year period there existed no procedure for setting aside such suspended sentence (see former Article 780); that since he had been deprived of any procedure to terminate his suspended sentence the court erred in admitting evidence of the same at his trial long after the expiration of the two year period.

Former Article 780, supra, did provide in part:

" * * * After the setting aside and dismissal of any judgment of conviction as herein provided for, the fact of such conviction shall not be shown or inquired into for any purpose except in cases where the defendant has been again indicted for a felony and invokes the benefit of this law."

It is observed that in Attorney General's Opinion M–27 (Feb. 15, 1967), it was held that while the 1965 Code of Criminal Procedure repealed the former Suspended Sentence Act, such repeal did not affect the provisions of Article 780 for setting aside suspended sentences where the judgment was entered prior to its repeal. Such holding was bottomed on the constitutional provision which prohibits the passage of retroactive laws which takes away or impairs vested rights acquired under existing laws. Article I, Sec. 16, Texas Constitution, Vernon's Ann.St. See also Article 42.12, Sec. 35, V.A.C.C.P.

Thus, contrary to appellant's claim, there does appear to be a procedure for the setting aside of a suspended sentence judgment entered before the effective date of the 1965 Code of Criminal Procedure (January 1, 1966), which appellant apparently failed to avail himself of.

Whether appellant's suspended sentence judgment was set aside or not is actually immaterial to the question presented.

Article 37.07, Sec. 3(a), V.A.C.C.P., as amended, 1967, provides:

"3. Evidence of prior criminal record in all criminal cases after a finding of guilty.

(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. *The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial,* or any final conviction material to the offense charged." (emphasis supplied)

■ We interpret such statute to mean that *any* probated or suspended sentence which has occurred prior to trial and whether successfully completed or not may be known to the judge or the jury assessing punishment. See also Article 42.12, Sec. 7, V.A.C.C.P. Ground of error #2 is overruled.

■ Lastly, appellant complains the court erred in permitting the State's witness Birdwell to testify that appellant's general reputation in the community in which he resided for being a peaceful and law abiding citizen was bad after it had been shown that she learned of such rep-

utation after the date of the alleged offense and did not know appellant on the date of the offense.

Broadway v. State, 418 S.W.2d 679 and Wilson v. State, 434 S.W.2d 873 have been decided contrary to appellant's contention. In those cases this Court pointed out cases decided under the 1925 Code of Criminal Procedure holding that—subject to certain exceptions—the State could only inquire into the accused's reputation up to the time of the commission of the offense are no longer controlling as to a separate trial on the question of punishment under Article 37.07, Sec. 2, of the 1965 Code. See now Article 37.07, V.A.C.C.P., as amended, 1967. Broadway and Wilson are equally applicable to a proceeding under Article 26.14, V.A.C.C.P. where the only issue before the jury is that of punishment.

Ground of error #3 is overruled.

The judgment is affirmed.