**Alonzo Wade GRIGGS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42593.**

Court of Criminal Appeals of Texas.

Feb. 18, 1970.

Rehearing Denied April 1, 1970.

Jordan, Ramsey & Bradley, by Darrell E. Jordan, Dallas (by appointment), Stanley I. Weinberg, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, James P. Finstrom, Doug-las D. Mulder and C. H. Erwin, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is possession of heroin; the punishment, 25 years in the Texas Department of Corrections.

On April 2, 1968, the appellant, after being duly admonished by the trial judge as to the consequences of his plea, entered a plea of guilty before a jury. See Article 26.14, Vernon's Ann.C.C.P.

Initially, appellant contends the punishment assessed by the jury constitutes "cruel and unusual punishment under both Constitution of the United States and of Texas." See United States Constitution, Eighth Amendment; Texas Constitution, Art. I, Sec. 13, Vernon's Ann.St. His contention is apparently based on his claim that his possession of heroin stemmed only from his need to satisfy his narcotic habit.

First, we note that the punishment imposed was within the range of penalties prescribed by the legislature for the possession of heroin. See Article 725b, Vernon's Ann.P.C. As such it does not constitute cruel and unusual punishment. Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807; Segura v. State, Tex.Cr.App., 427 S.W.2d 864.

In Trevino v. State, Tex.Cr.App., 380 S.W.2d 118, a punishment of 90 years assessed by the jury for unlawful possession of marihuana, being within the limits authorized by statute, was upheld. And in Parson v. State, Tex.Cr.App., 432 S.W.2d 89, a jury's verdict of 50 years' imprisonment for unlawful possession of narcotics was held not excessive nor cruel and unusual punishment, particularly where the defendant had many previous convictions.

In the case at bar it was shown that the appellant had previously been convicted of

four felony offenses and a misdemeanor theft offense.

■ The fact that appellant was known as a narcotic addict and was discovered using heroin at the time of his arrest does not necessarily imply all the heroin in his possession was for that purpose, nor do we understand the record to reflect appellant was so addicted he was unable to control his use of heroin. Cf. Powell v. State, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254.

We do not deem the decision of Watson v. United States, 133 U.S.App.D.C. 87, 408 F.2d 1290, as here controlling.

Ground of error #1 is overruled.

Next, appellant contends the court erred in failing *on its own motion* to withdraw his plea of guilty when he objected to the introduction of the heroin into evidence.

In Darden v. State, Tex.Cr.App., 430 S.W.2d 494, this Court said:

"It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. Miller v. State, Tex.Cr.App., 412 S.W.2d 650; Richardson v. State, 164 Tex.Cr.R. 500, 300 S.W.2d 83; Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460; Grounds v. State, 140 Tex. Cr.R. 209, 144 S.W.2d 276; Hawkins v. State, 158 Tex.Cr.R. 406, 255 S.W.2d 875; Vance v. State, 122 Tex.Cr.R. 157, 54 S.W.2d 118; Aills v. State, 114 Tex. Cr.R. 345, 24 S.W.2d 1097; Crumbley v. State, 103 Tex.Cr.R. 391, 280 S.W. 1064.

"Where the guilty plea is before the jury, the presumption of innocence does . not obtain under the plea and there is no issue of justification under it. Stullivan v. State, 47 Tex.Cr.R. 615, 85 S.W. 810; Garcia v. State, 91 Tex.Cr.R. 9, 237 S. W. 279. See also Jackson v. State, 155

Tex.Cr.R. 466, 236 S.W.2d 623. Where such plea is before a jury, the accused may at any time before the retirement of the jury withdraw his plea and thus put upon the State the burden of proving his guilt beyond a reasonable doubt. Alexander v. State, 69 Tex.Cr.R. 23, 152 S. W. 436. It is observed that appellant made no effort to withdraw his guilty plea."

■ After his motion to suppress had been overruled, appellant entered his plea of guilty before the jury. We cannot conclude that counsel's objection to the offer of heroin into evidence made the innocence of appellant evident or reasonably and fairly raised an issue as to such fact so as to cause the trial court to be required to withdraw the guilty plea on its own motion. See Reyna v. State, Tex.Cr.App., 434 S.W.2d 362. Therefore, the charge, to which there were no objections, correctly instructed the jury to find the appellant guilty upon his plea of guilty. Under these circumstances the court was not required to charge the jury that the burden of proof was upon the State beyond a reasonable doubt.

Ground of error #2 is overruled.

■ Lastly, appellant complains the court erred in overruling his motion to suppress evidence seized by virtue of a search warrant based on an affidavit which does not meet the two prong test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, explicated in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

If appellant has not waived his claim by pleading guilty, we note that the affidavit in question more than adequately set forth sufficient "underlying circumstances" to satisfy the said two prong test of Aguilar.

Ground of error #3 is overruled.

The judgment is affirmed.

MORRISON, J., not participating.