### Ex parte Alexander MITCHELL, Appellant.

#### No. 43816.

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

M. M. Ottea, Hearne, for appellant.

Bryan F. Russ, County Atty., Hearne and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

ONION, Presiding Justice.

On October 5, 1970, the convicting court conducted an evidentiary hearing on petitioner's post conviction application for writ of habeas corpus. See Article 11.07, Vernon's Ann.C.C.P., 1967; Ex parte Young, Tex.Cr.App., 418 S.W.2d 824.

The record is before us with the statement of facts in narrative form.

The record reflects petitioner was arrested on May 23, 1956, for a robbery committed that date when he was found hiding in

his aunt's house. He was 16 years old at the time. Subsequently, he was caused to don some clothing found in his aunt's house and there was a one-to-one confrontation with a witness to the flight from the scene of the robbery. The petitioner was then placed in the Robertson County jail and later gave a written statement or confession. He became 17 years old on July 28, 1956, and was indicted on July 30, 1956, for the robbery. He remained in jail until his trial on June 6, 1957. Approximately four months prior to trial and after petitioner had been confined for eight months, counsel was appointed for him.

At his trial petitioner entered a plea of guilty before the jury. While the court reporter's notes could not be found, it was stipulated that a tire tool, the written statement and certain monies were introduced into evidence. The jury assessed his punishment at 30 years.

Following the evidentiary hearing the trial court concluded petitioner's privilege against self incrimination had been denied when he was forced to participate in the one-to-one confrontation with the witness to the flight and that there was no affirmative waiver of his rights. The court also concluded he was denied the effective assistance of counsel by the failure of the court to seasonably appoint counsel.

We do not agree and are not bound by the trial court's findings of fact and conclusions of law. Phillips v. State, Tex.Cr. App., 440 S.W.2d 857.

The petitioner entered a plea of guilty before the jury. In Darden v. State, Tex. Cr.App., 430 S.W.2d 494, this court discussed a well settled rule in this state. There it was written:

"It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be as-

sessed. Miller v. State, Tex.Cr.App., 412 S.W.2d 650; Richardson v. State, 164 Tex.Cr.R. 500, 300 S.W.2d 83; Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460; Grounds v. State, 140 Tex.Cr.R. 209, 144 S.W.2d 276; Hawkins v. State, 158 Tex. Cr.R. 406, 255 S.W.2d 875; Vance v. State, 122 Tex.Cr.R. 157, 54 S.W.2d 118; Aills v. State, 114 Tex.Cr.R. 345, 24 S.W. 2d 1097; Crumbley v. State, 103 Tex.Cr. R. 391, 280 S.W. 1064."

Thus, when the guilty plea is before the jury the presumption of innocence does not obtain under the plea and there is no issue of justification under it. Darden v. State, supra. By his plea the petitioner admitted his guilt and his identification as the perpetrator of the crime. The only issue before the jury was that of punishment. The question of possible mistaken identification became irrelevant. Glenn v. State, Tex.Cr. App., 442 S.W.2d 360.

Further, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, are not applicable to confrontations, show ups or lineups conducted prior to June 12, 1967. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Therefore, petitioner would be relegated to a claim that the confrontation resulted in such unfairness that it infringed upon his right to due process of law. Graham v. State, Tex.Cr.App., 422 S.W.2d 922. Assuming that petitioner has sustained his burden of proof as to the allegations of his habeas application (See Ex parte Engle, Tex.Cr.App., 418 S.W.2d 671) and has shown by a totality of the circumstances surrounding the confrontation that due process was violated (See Graham v. State, supra; Crume v. Beto, 383 F.2d 36, 5th Cir.), the claim is immaterial in light of his guilty plea before the jury and his judicial re-assertion of guilt at the evidentiary hearing. The lineup cases were designed to prevent irreparable mistaken identification and not to cause the release of those who openly and candidly admitted their guilt.

**30**

In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, the United States Supreme Court clearly indicated it was "not disposed to fashion a per se rule requiring reversal of every conviction following tardy appointment of counsel or to hold that, whenever a habeas corpus petition alleges a belated appointment, an evidentiary hearing must be held to determine whether the defendant has been denied his constitutional right to counsel."

While the early appointment of counsel for indigents such as the petitioner should be encouraged, we cannot conclude he is entitled to release merely because of the belated appointment in this case. While one might speculate on what appointed counsel might have done for the petitioner in light of the juvenile laws in effect at the time and within the two months before he became 17 years of age, this would be conjecture at its best. Further, it is noted the District Court did not acquire jurisdiction of the case by the return of the indictment until after the petitioner had reached the age of 17.

For the reasons stated, the application for writ of habeas corpus is denied.